**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **OLIVISTAR, LLC**<br><br>       **Plaintiff,**<br><br>  **v.**<br><br>**AMERICAN TRAFFIC SOLUTIONS, INC.**<br><br>       **Defendant.** | **CIVIL ACTION NO. 2:14-cv-338**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Olivistar, LLC ("Plaintiff" or "Olivistar"), by and through its undersigned counsel, files this Complaint against Defendant American Traffic Solutions, Inc. ("ATS") as follows:

### NATURE OF THE ACTION

1.    This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,839,731 entitled "System and Method for Providing Data Communication in a Device Network" (the "'731 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 8,239,481 entitled "System and Method for Implementing Open-Control Remote Device Control" (the "'481 patent"; a copy of which is attached hereto as Exhibit B). Olivistar is the owner by assignment of the '731 patent and '481 patent. Olivistar seeks injunctive relief and monetary damages.

### PARTIES

2.    Plaintiff Olivistar, LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 2150 S. Central Expressway, Suite 200, McKinney, Texas 75070.

3.    Upon information and belief, Defendant American Traffic Solutions, Inc. is a business organized and existing under the laws of the State of Kansas, with its principal place of

business located at 1330 W. Southern Ave. Tempe, AZ 85282. ATS conducts business in the State of Texas and its Registered Agent for service of process is The Corporation Service Company, 2711 Centerville Road Ste 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4.   This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5.   The Court has personal jurisdiction over Defendant because: Defendant is present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6.    More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below.  Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas. Defendant derives substantial revenue from goods and services provided to individuals in Texas and in this district.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

## COUNT I– INFRINGEMENT OF U.S. PATENT 6,839,731

8. Olivistar refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '731 patent was duly and legally issued by the United States Patent and Trademark Office on January 4, 2005, after full and fair examination. The '731 patent is in full force and effect. Plaintiff is the owner by assignment of the '731 patent and possesses all rights of recovery under the '731 patent, including the exclusive right to sue for infringement and recover past damages.

10. Defendant owns, operates, advertises, controls, sells, and otherwise provides systems that infringe the '731 patent. The '731 patent provides, among other things, a "system including one or more premises-server computing devices in communication with a number of input and/or output devices, a central communication device and at least one client computing device in communication with the central communication device, a method for processing device data, the method comprising: (1) obtaining an access request from a client computing device, the access request including one or more identification attributes corresponding to the client device (2) generating a list of premises-server computing devices available for communication with the client device, the list of premises-server computing devices the client device obtains access based upon a processing of the one or more identification attributes; and (3) transmitting the list of premises-server computing devices available for communication with the client device; (4) wherein the client device cannot directly access the premises-server computing device prior to obtaining the list of premises-server computing devices available for communication."

11. Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for providing data communication in a device network that infringed one or more claims of the '731 patent in this district and elsewhere in the United States, Particularly, Defendant makes, uses, provides, offers for sale, and sells their product entitled AutoPatrol RLSC-3D ("Accused Instrumentality") which directly and/or indirectly infringes the '731 patent.

12. Defendant also infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to infringement of the '731 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods and systems claimed by the '731 patent, and advising, encouraging, contributing, or otherwise inducing others to perform the remaining steps claimed by the '731 patent to the injury of Olivistar.  Since at least the filing date of this Complaint, Defendant has had knowledge of the '731 patent, and by continuing the actions described above, has had specific intent to induce infringement of the '731 patent pursuant to 35 U.S.C. § 271(b).

13. Defendant is willfully and intentionally infringing the '731 Patent from at least the date of the filing of this law suit.

14. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Defendant's infringement of Plaintiff's exclusive rights under the '731 patent will

continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT 8,239,481

17. Olivistar refers to and incorporates herein the allegations of Paragraphs 1-7 above.

18. The '481 patent was duly and legally issued by the United States Patent and Trademark Office on August 7, 2012, after full and fair examination. The '481 patent is in full force and effect. Plaintiff is the owner by assignment of the '481 patent and possesses all rights of recovery under the '481 patent, including the exclusive right to sue for infringement and recover past damages.

19. Defendant owns, operates, advertises, controls, sells, and otherwise provides systems that infringe the '481 patent. The '481 patent provides, among other things, a "method for controlling devices in a computer system, the method comprising: (1) obtaining a user selection of one or more of a plurality of networked devices to be manipulated from a user interface, wherein at least one of the plurality of networked devices requires device-specific protocol instructions that are different from protocol instructions required by at least one of the other plurality of networked devices; (2) obtaining a user interface application corresponding to the selected one or more networked devices; (3) transmitting, to at least one user interface selection device, the user interface application corresponding to the selected one or more networked devices so that the user interface can be displayed on the at least one user interface selection device; (4) obtaining a user selection of an operation corresponding to at least one selected networked device; (5) encoding the selected operation according to a standard communication protocol instruction; (6) transmitting the selected standard protocol instruction to a server corresponding to the selected networked device; and (7) obtaining an output

corresponding to the selected operation of the selected networked device.

20. Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for implementing open-control remote device control that infringed one or more claims of the '481 patent in this district and elsewhere in the United States, Particularly, Defendant makes, uses, provides, offers for sale, and sells their product entitled AutoPatrol RLSC-3D ("Accused Instrumentality") which directly and/or indirectly infringes the '481 patent.

21. Defendant also infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to infringement of the '481 patent in this judicial district, in the State of Texas and in the United States, literally or under the doctrine of equivalents, by, among other things, performing certain steps of the methods and systems claimed by the '481 patent, and advising, encouraging, contributing, or otherwise inducing others to perform the remaining steps claimed by the '481 patent to the injury of Olivistar. Since at least the filing date of this Complaint, Defendant has had knowledge of the '481 patent, and by continuing the actions described above, has had specific intent to induce infringement of the '481 patent pursuant to 35 U.S.C. § 271(b).

22. Defendant is willfully and intentionally infringing the '481 Patent from at least the date of the filing of this lawsuit.

23. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

24. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25. Defendant's infringement of Plaintiff's exclusive rights under the '481 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '731 patent and/or the '481 patent;

B. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '731 patent and/or the '481 patent, or such other equitable relief the Court determines is warranted;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

D. That, should Defendant's acts of infringement be found to be willful from the time

that Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: April 14, 2014                            Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:    (469) 587-9776
Facsimile:    (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF**
**OLIVISTAR, LLC**