# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| OLIVISTAR, LLC, | § § § | No. 2:14-cv-338 |
| Plaintiff, | § § | Jury Trial Demanded |
| v. | § § | |
| AMERICAN TRAFFIC SOLUTIONS, INC., | § § § | |
| Defendant. | § | |

## DEFENDANT AMERICAN TRAFFIC SOLUTIONS, INC.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I. ISSUES TO BE DECIDED BY THE COURT ................................................................. 1

II. STATEMENT OF FACTS .............................................................................................. 1

III. ARGUMENT ................................................................................................................... 2

    A. Legal Standard Governing a Motion to Dismiss .................................................... 2

    B. Plaintiff's Claims of Indirect (Contributory and Induced) Infringement Are Legally and Factually Deficient ............................................................................. 3

        1. Olivistar's Complaint Fails to Adequately Plead Underlying Direct Infringement With Respect to the Induced and Contributory Infringement Claims ................................................................................. 3

        2. Olivistar's Complaint Fails Adequately Plead The Elements of Contributory Infringement ........................................................................ 5

        3. Olivistar's Indirect Infringement Claims Should Be Dismissed Because, as a Matter of Law, ATS Cannot Both Directly and Indirectly Infringe the Patents-in-Suit ........................................................ 7

IV. CONCLUSION ................................................................................................................ 8

76112884.1 0009610-00044

## TABLE OF AUTHORITIES

**Page**

*Akamai v. Limelight*
    F.3d 1301 (Fed. Cir. 2012) ........................................................................................................ 3
*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................................................................ 3, 5, 8
*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................................. 2, 3, 5, 6
*Clear With Computers, LLC v. Bergdorf Goodman, Inc.*
    6:09 CV 481, 210 WL 3155888 (E.D. Tex. Mar. 29, 2010) ..................................................... 4
*Dawson Chemical Co. v. Rohm and Haas Company*
    448 U.S. 176, 100 S. CT. 2601, 65 L.Ed. 2d 696 ..................................................................... 8
*Dynacore Holdings Corp v. U.S. Philips Corp*
    363 F.3d 1263 (Fed. Cir. 2004) ................................................................................................ 3
*Eolas Technologies, Inc. v. Adobe Systems, Inc.*
    2010 WL 2026627 (E.D. Tex. 2010) ........................................................................................ 4
*Gibson v. Texas Dep't of Ins—Div. of Workers' Comp.*
    700 F.3d 227 (5th Cir. 2012) .................................................................................................... 2
*Global-Tech Appliances, Inc. v. S.E.B. S.A.,*
    131 S.Ct 2060 (2011) ............................................................................................................... 3
*In Re Bill of Lading*
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................ 6
*InMotion Imagery Technologies v. Brain Damage Films,*
    2012 WL 3283371 (E.D. Tex. 2012) ........................................................................................ 6
*Jervis B. Webb Co. v. Southern Systems, Inc.*
    495 F. Supp. 145 (E.D. Mich. 1980) ......................................................................................... 7
*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*
    2:11-CV-00319-JRG, 2012 WL 4033322 (E.D. Tex. Sept. 12, 2012) ..................................... 6
*Nationwide Chem. Corp. v. Wright*
    458 F. Supp. 828 (M.D. Fla. 1976) ........................................................................................... 8
*Norris v. Hearst Trust*
    500 F.3d 454 (5th Cir. 2007) .................................................................................................... 3
*Picker Int'l, Inc. v. Varian Associates, Inc.*
    661 F. Supp. 347 (N.D. Ohio 197) ........................................................................................... 7
*Self v. Fisher Controls co., Inc.*
    566 F.2d 62 (9th Cir. 1977) ...................................................................................................... 8
*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*
    365 F.3d 353 (5th Cir. 2004) .................................................................................................... 3
*Suresafe Indus, Inc. v. C&R Pier Mfg.,*
    850 F. Supp. 869 (S.D. Cal. 1993) ........................................................................................... 8
*Traffic Information LLC v. Huawei Techs Co., LTC,*
    No.: 2:10-CV145-TJW (E.D. Tex. Aug. 5, 2011) .................................................................... 4

76112884.1 0009610-00044

*Vita-Mix Corp. v. Basic Holdings, Inc.*
    581 F.3d 1317 (Fed. Cir. 2009) .......................................................................................... 5

**STATUTES**

35 U.S.C. § 271(a) ............................................................................................................... 7
35 U.S.C. § 271(b) ...................................................................................................... 1, 3, 7, 8
35 U.S.C. § 271(c) ........................................................................................................ passim

**RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 2

## I. ISSUES TO BE DECIDED BY THE COURT

Under Fed. R. Civ. P. 12(b)(6), Defendant American Traffic Solutions, Inc. ("ATS") moves to dismiss the complaint filed by Olivistar, LLC ("Olivistar"). The complaint asserts that ATS is liable for indirect infringement (*i.e.*, contributory infringement and induced infringement) of United States Patent Nos. 8,239,481 (the '481 patent) and 6,839,731 (the '731 patent) (collectively "the patents-in-suit"). (Compl., Dkt # 1, ¶¶ 1, 12, 21.) These claims should be dismissed for at least three reasons.

First, Plaintiff's complaint fails to adequately plead underlying direct infringement with respect to the induced and contributory infringement claims. Second, with regard to the contributory infringement claims, Plaintiff's complaint fails to allege sufficient factual information to plausibly infer that ATS supplied a component, material, or apparatus that had no substantial non-infringing uses. Third, the indirect infringement claims should be dismissed because ATS cannot, as matter of law, *both* directly *and* indirectly infringe the same patent claims.

## II. STATEMENT OF FACTS

On April 14, 2014, Plaintiff filed its complaint against ATS alleging infringement of the '481 and '731 patents. (Dkt # 1.) In the complaint, Olivistar asserts that ATS's AutoPatrol RLSC-3D product "directly and/or indirectly infringes" the patents-in-suit. The AutoPatrol RLSC-3D is the only allegedly infringing product identified in the complaint. (Compl. ¶ 11, 20.)

The complaint further asserts that ATS "infringes under 35 U.S.C. § 271(b) and (c) by inducing and/or contributing to infringement" of the patents-in-suit. (Compl. ¶¶ 12, 21.) The only support provided for this allegation is that ATS "perform[ed] certain steps of the methods and systems claimed by the [patents-in-suit] and advis[ed], encourag[ed], contribut[ed] or otherwise induc[ed] others to perform the remaining steps" of such methods. (Compl. ¶¶ 12, 21.)

The complaint does not identify which steps were performed by ATS and which steps were performed by others. Indeed, the complaint does not identify *any* acts performed by ATS

that correspond to one or more elements of the asserted method claims. Further, the complaint does not identify *who* was induced by ATS to infringe the patents-in-suit, nor when, where, or how such conduct occurred. The complaint does not identify which of the more than ninety claims in the two patents-in-suit are alleged to have been infringed or how the accused products or methods relate to any of these claims. Further, with regard to the allegation of contributory infringement under 35 U.S.C. § 271(c), the complaint fails to allege — or plead factual material that could plausibly lead one to conclude — that a component, material, or apparatus supplied by ATS is not capable of substantial non-infringing uses.

Instead, the complaint merely states in conclusory fashion that "Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for [providing data communication in a device network or implementing open-control remote device control] that infringed one or more claims" of the patents-in-suit. (Compl. ¶¶ 11, 20.)

Olivistar's complaint contains only "threadbare recitals" of the elements of a cause of action, supported by mere conclusory statements. It fails to plead any allegations that satisfy the pleading requirements for contributory infringement or induced infringement. Thus, because such a complaint is deficient under the pleading standards set forth by the United States Supreme Court in the *Iqbal* and *Twombly* cases, the claims for indirect infringement must be dismissed.

### III.  ARGUMENT

#### A.  Legal Standard Governing a Motion to Dismiss

A motion to dismiss for failure to state a claim should be granted under Rule 12(b)(6) where the facts alleged by the plaintiff are insufficient to "raise a right to relief above the speculative level." *Gibson v. Texas Dep't of Ins.*, 700 F.3d 227, 233 (5th Cir. 2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). The facts alleged must "state a claim to relief that is plausible on its face," and a claim is only considered facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009); *Twombly*, 550 U.S. at 570. A court need not accept "conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). Consequently, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007).

### B. Plaintiff's Claims of Indirect (Contributory and Induced) Infringement Are Legally and Factually Deficient.

In this patent infringement action, Plaintiff appears to allege that ATS *directly* infringes the patents-in-suit. (Compl. ¶¶ 11, 20.) Further, Plaintiff also accuses ATS of *indirect* infringement under 35 U.S.C. § 271(b) and (c) by contributing to and inducing others to infringe the patents-in-suit. (Compl. ¶¶ 12, 21.) Plaintiff's claims for indirect (i.e., induced and contributory) infringement should be dismissed for at least three reasons.

#### 1. Olivistar's Complaint Fails to Adequately Plead Underlying Direct Infringement by Others.

Olivistar's Complaint should be dismissed because it fails to adequately plead underlying direct infringement by third parties to support the claims of induced and contributory infringement.

To demonstrate induced infringement under 35 U.S.C. § 271(b), the patentee must establish both (1) direct infringement by the party being induced and (2) that the alleged infringer had knowledge that the induced acts constitute patent infringement. *Akamai v. Limelight*, F.3d 1301, 1308 (Fed. Cir. 2012) ("An important limitation on the scope of induced infringement is that inducement gives rise to liability only if the inducement leads to actual infringement. That principle, that there can be no indirect infringement without direct infringement, is well settled."); *Global-Tech Appliances, Inc. v. S.E.B. S.A.*, 131 S.Ct 2060, 2068 (2011). Like induced infringement under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271(c) may only arise in the presence of direct infringement. *Dynacore Holdings*

*Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Thus, both contributory and induced infringement require underlying direct infringement.

A plaintiff fails to adequately plead underlying direct infringement in an indirect infringement claim when "indirect infringement allegations [1] fail to identify which claims are indirectly infringed, [2] fail to identify which methods or systems indirectly infringe, and [3] fail to identify a direct infringer in reference to [the] indirect infringement claims." *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 6:09 CV 481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010); *see also Eolas Techs., Inc. v. Adobe Sys., Inc.*, 2010 WL 2026627, *3 (E.D. Tex. 2010) ("[The patentee] has not alleged a direct infringer in relation to its indirect infringement claims. Accordingly, [the patentee's] indirect infringement claim does not state a claim for indirect infringement that is plausible on its face."); *see also Traffic Info. LLC v. Huawei Techs Co. LTC*, No.: 2:10-CV145-TJW at 2–3 (E.D. Tex. Aug. 5, 2011) (dismissing indirect infringement claims because "[t]he complaint … [did] not include notice of the generic class of direct infringers underlying the indirect infringement claims").

Here, Olivistar's complaint fails to identify any of the three aspects of indirect infringement set forth in *Clear With Computers*. First, the complaint does not identify which claims are indirectly infringed. Indeed, the complaint does not assert infringement of *any* claim in particular. Instead, the complaint merely alleges in conclusory fashion that ATS has "infringed one or more claims of the [patents-in-suit]. (Compl. ¶¶ 11, 20.)

Second, the complaint does not identify which methods or systems indirectly infringe the patents-in-suit. Indeed, although the Plaintiff's contributory and induced infringement claims appear to rely upon the infringement of "methods and systems claimed by the [patents-in-suit]," the complaint does not identify *any* action undertaken by ATS that corresponds to an element or step of an infringed claim.

Third and finally, the complaint does not identify a direct infringer with reference to the indirect infringement claims. Instead, the complaint merely asserts that ATS performed "certain"

unnamed "steps of the methods and systems claimed by the [patents-in-suit] and advis[ed], encourag[ed], contribut[ed], or otherwise induc[ed]" unnamed "others to perform the remaining steps." (Compl. ¶¶ 12, 21.)

Consequently, the complaint does not identify who was the underlying direct infringer in connection with the indirect infringement claims. Nor does it identify the actions taken by the induced party that allegedly constitute direct infringement. Nor does it allege how the induced party's actions relate to the asserted claims. Such threadbare and conclusory allegations cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice); *see also Twombly,* 550 U.S. at 555 (stating that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

### 2. Olivistar's Complaint Fails to Adequately Plead The Elements of Contributory Infringement

Plaintiff's allegation of contributory infringement should also be dismissed because the complaint fails to plead sufficient facts for a court to plausibly conclude that ATS offered for sale, sold, or imported a component, material, or apparatus that has no substantial non-infringing use..

To be liable for contributory infringement, the accused infringer must offer for sale, sell, or import a "component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process" wherein the component, material or apparatus has "no substantial non-infringing use." 35 U.S.C. § 271(c). In the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is one that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009). In light of the requirements for contributory infringement set forth in 35 U.S.C. § 271(c), the Federal Circuit has concluded

that "a claim for contributory infringement … must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681. F.3d 1323, 1337 (Fed. Cir. 2012). Further, this Court requires that a plaintiff "plead that the defendant's device or process has no other non-infringing use" in order "[t]o maintain a claim of contributory infringement." *Lone Star Doc. Mgmt., LLC v. Atalasoft, Inc.*, 2:11-CV-00319-JRG, 2012 WL 4033322 (E.D. Tex. Sept. 12, 2012); *see also InMotion Imagery Techs. v. Brain Damage Films*, 2012 WL 3283371, *3–*4 (E.D. Tex. 2012) ("To state a claim for contributory infringement," the patentee "must at least" (1) identify the 'material or apparatus for use in practicing the patented process' that is sold or offered for sale by Defendants and (2) plead facts that allow an inference that these components … have no substantial non-infringing uses.").

Although the complaint asserts that ATS "makes uses, provides, offers for sale, and sells their product entitled AutoPatrol RLSC-3D," the complaint does <u>not</u> assert that this (or any other component, material or apparatus supplied by ATS) is incapable of a substantial non-infringing use. (Compl. ¶¶ 11, 20). Further, the complaint is devoid of any factual matter that might lead the Court to conclude that the AutoPatrol RLSC-3D or any other alleged component, material, or apparatus is not capable of substantial non-infringing use.

In view of the pleading requirements set forth in *Iqbal and Twombly*, Olivistar's contributory infringement claim against ATS is plainly defective. *See Twombly*, 550 U.S. at 557 (a complaint is insufficient if it relies upon "naked assertions devoid of further factual enhancement."). Thus, for this independent reason, Plaintiff's claims of contributory infringement under 35 U.S.C. § 271(c) should be dismissed.

### 3. Olivistar's Indirect Infringement Claims Should Be Dismissed Because, as a Matter of Law, ATS Cannot Both Directly and Indirectly Infringe the Patents-in-Suit.

In addition to (and independent of) the reasons set forth above, Plaintiff's claims of induced and contributory infringement should be dismissed because, as a matter of law, ATS cannot both directly and indirectly infringe the patents-in-suit as Olivistar appears to assert.

Paragraphs 11 and 20 of the complaint appear to assert that ATS *directly* infringes the patents-in-suit.  Immediately following these paragraphs, the complaint further asserts that ATS *indirectly* infringes the patents-in-suit under 35 U.S.C. § 271(b) and (c). (Compl. ¶¶ 12, 21.)  In other words, Olivistar appears to assert that ATS both directly and indirectly infringes the same claims.  Courts have rejected similar attempts to assert simultaneous claims for both direct and indirect infringement as inconsistent.  For example, in *Picker Int'l, Inc. v. Varian Associates, Inc.*, 661 F. Supp. 347 (N.D. Ohio 1987), the plaintiff asserted that the defendant had directly infringed the patent-in-suit and induced infringement of the same patent by manufacturing, using, and selling the patented invention and encouraging others to do so.  The court stated:

> It is well settled that the doctrine of "actively inducing infringement," referred to in § 271 along with direct acts of infringement (§ 271(a)), is not available as a separate source of liability against one who is also alleged to be a direct infringer. . . . .  In the present action, plaintiff has alleged that the defendant directly infringed the patent by the manufacture, use or sale of the accused x-ray tubes. Consequently, plaintiff cannot alternatively allege that the defendant is liable for inducement of infringement….

*Picker Int'l* at 350 (citations omitted).  Similarly, in *Jervis B. Webb Co. v. Southern Systems, Inc.*, 495 F. Supp. 145 (E.D. Mich. 1980), the court rejected such inconsistent assertions as follows:

> .... Plaintiff would have us find that an actual infringer, that is, one who manufactures and sells an infringing product, can also be an inducer of infringement.  We believe that such a broad interpretation is beyond the intended scope of § 271(b).  Section 271(b) and (c) were intended to codify previously developed case law on contributory infringement.  7 Deller, Walker on Patents § 514; 4 Chisum, Patents § 17.02(6) (citing legislative history).  The doctrine of contributory infringement was a means of holding liable a person who was <u>not</u> a direct infringer but who aided and abetted a direct infringement.  4 Chisum,

> Patents § 10.02 at 17; *cf. Dawson Chemical Co. v. Rohm and Haas Company*, 448 U.S. 176, 100 S. Ct. 2601, 65 L.Ed.2d 696. Inducement within the scope of § 271(b) includes only activity performed by a third person who causes another to directly infringe a patent. Thus, one who induces an infringement and a direct infringer cannot be the same person or entity….

*Id.* at 147 (emphasis added); *see also Self v. Fisher Controls Co., Inc.*, 566 F.2d 62, 64 (9th Cir. 1977) ("Contributory infringement actions are limited to situations where defendant itself has not directly infringed the patent by making, using, or selling the invention, under 35 U.S.C. § 271(a), but has induced someone else to infringe the patent…."); *Suresafe Indus., Inc. v. C&R Pier Mfg.*, 850 F. Supp. 869, 873 (S.D. Cal. 1993) ("Since plaintiffs have alleged direct infringement, they have no standing to assert inducing or contributory infringement."); *Nationwide Chem. Corp. v. Wright*, 458 F. Supp. 828, 838 (M.D. Fla. 1976) ("Inducement is found when one knowingly causes, or urges, or encourages or aids another in the infringement of a patent claim, *even though he himself has not infringed the patent claim by making, using or selling the invention*.") (emphasis added).[1]

Accordingly, Plaintiff's claims for inducing and contributory infringement should be dismissed. *Iqbal*, *supra*, 129 S. Ct. at 1949–50 (the facts alleged must "state a claim to relief that is plausible on its face," and a claim is only facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court dismiss Plaintiff's claims for contributory and induced infringement in their entirety.

---

[1] While Defendant does not believe that it has directly infringed the patents-in-suit, Plaintiff's allegation to the contrary gives rise to this dismissal argument.

DATED:  May 16, 2014.

                                    Respectfully submitted,

                                    HAYNES AND BOONE, LLP

                                    */s/ Donald D. Jackson*
                                    Donald D. Jackson
                                    Texas Bar No. 00787753
                                    Felicity A. Fowler
                                    Texas Bar No. 00784076
                                    Mini Kapoor
                                    Texas Bar No. 24080969
                                    1221 McKinney Street, Suite 2100
                                    Houston, Texas  77010
                                    Tel.: (713) 547-2026
                                    Fax: (713) 236-5645
                                    donald.jackson@haynesboone.com

                                    Attorneys for Defendant
                                    AMERICAN TRAFFIC SOLUTIONS, INC.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing Defendant American Traffic Solutions, Inc.'s Motion to Dismiss was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this the 16th day of May 2014. Local Rule CV-5(a)(3)(A).

                                      */s/ Donald D. Jackson*
                                      Donald D. Jackson